UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

U.S. HEALTHWORKS HOLDING
COMPANY, INC., *et al.*,

  Plaintiffs,

  v.

THE REGENCE GROUP, *et al.*,

  Defendants.

Case No. C04-2375L

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on the Motion for Reconsideration (Dkt. # 26) filed by defendants, The Regence Group, *et al.* ("Defendants"). Because the Court relied in part on case law not presented by the parties in their initial briefs, the Court requested additional briefing from Defendants and from plaintiffs, U.S. Healthworks Holding Company, Inc., *et al.* ("Plaintiffs"). Having reviewed the briefing, the motion for reconsideration is denied. The Court notes, however, that the enforceability of the arbitration clause's forum selection provision is a matter that may be raised by the parties at arbitration and determined by the arbitrator.

## I. BACKGROUND

On April 26, 2005, this Court issued an Order Regarding Outstanding Motions in which it, among other things, held that under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the

ORDER DENYING MOTION FOR
RECONSIDERATION

1  "FAA"), it must compel arbitration in the Western District of Washington of disputes arising
2  under the Utah Agreement.  Although the Utah Agreement contained a forum selection clause
3  specifying that arbitration was to take place in Salt Lake City, Utah, the Court held that it was
4  required under the FAA to compel arbitration within the district in which the Court sits.  See 9
5  U.S.C. § 4.

6       In its Motion for Reconsideration, Defendants argue that this Court committed manifest
7  error in compelling arbitration of the Utah Agreement in the Western District of Washington.
8  Defendants argue that the cases relied on by the Court are distinguishable and that the case law
9  from other Circuits allows a district court to compel arbitration outside of its district when
10 necessary to enforce the terms of the parties' agreement.  Alternatively, Defendants urge the
11 Court to transfer the claims arising under the Utah Agreement to the Federal District Court in the
12 District of Utah.

13                         **II. DISCUSSION**

14      Motions for reconsideration are disfavored.  See Local Rule CR 7(h)(1).  The Court will
15 ordinarily deny such motions in the absence of manifest error in the prior ruling or a showing of
16 new facts or legal authority that could not have been brought to the Court's attention earlier with
17 reasonable diligence.  See id.  Defendants' claim that the Court committed manifest error is
18 unavailing.  Although other Circuits have reached different conclusions, see e.g., Dupuy-
19 Busching General Agency, Inc. v. Ambassador Ins. Co., 524 F.2d 1275, 1277 (5th Cir. 1975), the
20 Ninth Circuit has interpreted 9 U.S.C. § 4 as requiring a district court to order arbitration only
21 within the district in which the petition to compel arbitration has been filed.  See Continental
22 Grain Co. v. Dant & Russell, 118 F.2d 967, 968-69 (9th Cir. 1941).  This requirement applies
23 even though the arbitration clause specifies a different venue.  See Textile Unltd., Inc. v.
24 A..BMH and Co., Inc., 240 F.3d 781, 785 (9th Cir. 2001).  Under the circumstances, this Court is
25 bound by the Ninth Circuit case law and may not ignore the holdings of Continental Grain and
26 Textile Unltd. in favor of out-of-circuit precedent.  See San Remo Hotel L.P. v. San Francisco

ORDER DENYING MOTION FOR
RECONSIDERATION

City & County, 364 F.3d 1088, 1095 (9th Cir.), cert. denied, __ U.S. __, 125 S.Ct. 685 (2004).

Defendants next argue that the Court should transfer the claim to the Federal District Court in Utah rather than order arbitration in the Western District of Washington. The FAA, however, does not provide this Court with authority to make such a transfer. Under § 4 of the FAA, this Court must hear any motion to compel arbitration in any civil action in which it has diversity jurisdiction. See 9 U.S.C. § 4. If the diversity requirement is met, this Court "*shall hear* the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court *shall make* an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Id. (emphasis added). Under the limited scope of the FAA, the Court may not transfer the motion to compel to another district.

It is important to note that this Court's holding does not, in any way, pass on the validity or enforceability of the forum selection clause. Under the terms of the FAA, the Court is only called on to determine certain "gateway questions" regarding whether "the parties have submitted a particular dispute to arbitration." Howsam v. Dean Witter Reynolds, Inc. 537 U.S. 79, 83 (2002); accord Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452 (2003). All other questions, including "'procedural questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator to decide." Howsam, 537 U.S. at 84 (quoting John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964) (emphasis in original)).

In light of the Supreme Court's decisions in Howsam and Green Tree, the First Circuit has held that the enforceability of a forum selection clause was not a "gateway matter" for the district court to determine, but rather a procedural issue that must be decided by the arbitrator. See Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 4 (1st Cir. 2004). In Leventhal, the First Circuit reasoned that because the dispute over the forum selection clause "fell within the terms of the arbitration agreement as [a dispute] 'relating to this arbitration contract . . . the parties

ORDER DENYING MOTION FOR
RECONSIDERATION

seem to have agreed that an arbitrator, not a judge, would decide it.'" Id. at 4 (quoting Green Tree, 539 U.S. at 445) (internal brackets omitted).

In Leventhal, the contract stated that "any disagreement between us in connection with this Agreement . . . will be submitted to arbitration." Id. at 4. Here, the Utah Agreement has a similar provision, stating that any disagreement "arising out of or relating to this agreement . . . shall be settled by final and binding arbitration." (Dkt. # 3, Decl. of Steven McLaughlin, Ex. E, p. 23). Given the similarities in the arbitration clauses in the respective cases, this Court finds the Leventhal analysis persuasive and applies it here. The dispute regarding the enforcement of the forum selection clause is one that arises out of and relates to the Utah Agreement, and, as such, the parties have agreed to submit that dispute to arbitration. The arbitrator is therefore free to enforce the forum selection clause and transfer all or part of the arbitration to Utah. This Court, however, is not able to do so under controlling Ninth Circuit case law.

### III. CONCLUSION

For all of the foregoing reasons, the Motion for Reconsideration (Dkt. # 26) is DENIED.

DATED this 11th day of July, 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION